UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>  Plaintiff,<br>v.<br><br>EDWARDS LIFESCIENCES, CORP.<br><br>AND<br><br>JENAVALVE TECHNOLOGY INC.<br><br>  Defendants. | Civil Action No. 1:25-cv-02569<br><br>**EXPEDITED TREATMENT REQUESTED** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY

The FTC asks to stay the proceedings in this case, in which the government is seeking to enjoin Defendants from completing a transaction involving potentially lifesaving technologies. But time is of the essence; there is no time for a stay, much less an indefinite stay, given the expedited schedule and the strong public interest—including impacts on lives—favoring speedy resolution. Delay would be legally unprecedented and would significantly prejudice not only the Defendants, but also patients in need of treatment for a deadly and under-treated disease.[1]

First, staying this proceeding would contravene longstanding precedent. During prior government shutdowns, the FTC and DOJ have continued litigating merger challenges, and courts have not stayed federal proceedings. *See, e.g., FTC v. St. Luke's Health Sys., Ltd.*, Dkt. 1:13-cv-00116-BLW (D. Idaho) (joined with *Saint Alphonsus Medical Ctr. v. St Luke's Health System Ltd*,

---

[1] Defendants are free to close the transaction after January 9, 2026 (the agreed TRO expiration date), but we are concerned that the FTC might seek to use any stay to force an extension of that date—which could result in killing the transaction by process.

Dkt. 1:12-cv-00560-BLW, as lead case, with latter docket showing, at entry 246, that the court denied the FTC's motion to stay notwithstanding the government shutdown in October 2013); *United States v. AT&T Inc.*, Dkt. 18-5214 (D.C. Cir.) (no motion to stay post-argument proceedings while U.S. government was shut down from December 22, 2018 to January 25, 2019).

Consistent with that longstanding practice, the FTC's official shutdown plan is quite clear that "in litigated matters" Commission attorneys should "request suspensions of dates for trials, hearings," and so forth only in cases "in which preliminary relief has already been obtained or where there has been no plan to seek preliminary relief."[2]  It is highly unlikely that this was meant to include matters with only an agreed TRO on a rapidly ticking clock; but in any event, the FTC Shutdown Plan specifically contemplates continuing to litigate should a court deny a stay motion—as courts have routinely done in government merger challenges: "if a court denies such a request [for a stay] and orders a case to continue, the Commission will comply with the court's order . . . [, and] limit its litigation staffing to the minimum level needed to comply with the court's order and to protect life and property."

Second, the stay the FTC requests would both disrupt this carefully scheduled case and exacerbate the harm both the public and the parties have suffered from the prolonged review process.  Staying these proceedings would throw into chaos an already challenging schedule—scrambling numerous depositions, including those scheduled with some of the nation's most distinguished heart surgeons, and a hearing scheduled for the two weeks before Thanksgiving.

The FTC's investigation began over a year ago.  Over that time, JenaValve has not succeeded in obtaining FDA approval for its first-of-a-kind treatment for a deadly disease.  It faces

---

[2] *Shutdown of Federal Trade Commission Operations Upon Failure of the Congress to Enact Appropriations*, at 1, 5 Fed. Trade Comm'n (last updated Sept. 29, 2025), at https://www.ftc.gov/system/files/ftc_gov/pdf/FTC%20Shutdown%20Plan.pdf ("FTC Shutdown Plan").

persistent manufacturing issues and thus cannot produce its treatment at scale, and it lacks the resources and capabilities needed to bring lifesaving treatment to patients at scale. Edwards has the expertise and resources to overcome these challenges, and through the proposed transaction it hopes to expand output and bring this lifesaving treatment to the marketplace in a way that stand-alone JenaValve cannot. But until the proposed transaction closes, Edwards must sit on the sidelines while JenaValve struggles. Any delays in this proceeding not only threaten to run out the clock on the transaction itself (which has an outside date in January 2026) but also threaten substantial harm to the public interest by further delaying the procompetitive and pro-patient benefits of the proposed transaction.

Third, Defendants request that the Court clarify the schedule in this matter, in light of Standing Order No. 25-55 (available at https://www.dcd.uscourts.gov/sites/dcd/files/Executive%20Order%2025-55.pdf). Given that this case involves a temporary restraining order and Plaintiff's request for a preliminary injunction, with many depositions currently scheduled and other milestones (such as expert discovery) soon to follow, Defendants respectfully request that this Court deny Plaintiff's motion and clarify that, notwithstanding Standing Order No. 25-55, the current schedule remains in place. *See* ECF 58 (Joint Stipulated Case Management Order) and 80 (Joint Status Report, revising certain deadlines).

Dated: <u>October 1, 2025</u>                    Respectfully submitted,

<u>/s/ *Joshua Lipton*</u>
Joshua Lipton (D.C. Bar No. 461731)
Michael J. Perry (*pro hac vice*)
Jamie E. France (*pro hac vice*)
Stephanie E. Pearl (*pro hac vice*)
Logan Billman (*pro hac vice*)
Connor Leydecker (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036
(202) 955-8226
jlipton@gibsondunn.com
mjperry@gibsondunn.com
jfrance@gibsondunn.com
spearl@gibsondunn.com
lbillman@gibsondunn.com
cleydecker@gibsondunn.com

D. Bruce Hoffman (D.C. Bar No. 495385)
Ryan A. Shores (D.C. Bar No. 500031)
Jeremy J. Calsyn (D.C. Bar No. 495385)
Jacob M. Coate (*pro hac vice*)
Kelton E. Anderson (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
(202) 974-1500
bhoffman@cgsh.com
rshores@cgsh.com
jcalsyn@cgsh.com
jcoate@cgsh.com
keanderson@cgsh.com

*Counsel for Defendant Edwards Lifesciences Corp.*

<u>/s/ *Jonathan Klarfeld*</u>
Jonathan Klarfeld (D.C. Bar No. 1025315)
Michael S. McFalls (*pro hac vice*)
Samer M. Musallam (*pro hac vice*)
Elizabeth T. McInerney (*pro hac vice*)
Michael Stork (*pro hac vice*)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 508-4600

Jonathan.Klarfeld@ropesgray.com
Michael.McFalls@ropesgray.com
Samer.Musallam@ropesgray.com
Elizabeth.McInerney@ropesgray.com
Michael.Stork@ropesgray.com

Matthew L. McGinnis (*pro hac vice*)
Sandra H. Masselink (*pro hac vice*)
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199
(617) 951-7000
Matthew.McGinnis@ropesgray.com
Sandra.Masselink@ropesgray.com

*Counsel for Defendant JenaValve Technology Inc.*