## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>　　　　　Plaintiff,<br>　v.<br><br>EDWARDS LIFESCIENCES,<br>CORPORATION<br><br>　and<br><br>JENAVALVE TECHNOLOGY, INC.<br><br>　　　　　Defendants. | Civil Action No. 1:25-cv-02569-RC |

## PLAINTIFF FEDERAL TRADE COMMISSION'S EMERGENCY MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER

Plaintiff Federal Trade Commission ("FTC") respectfully moves to extend the Temporary Restraining Order ("TRO") previously entered in this case by five business days after the Court's ruling on the FTC's preliminary injunction motion to allow the FTC the opportunity to assess the Court's preliminary injunction decision and, if necessary, to seek any appropriate appellate relief on an expedited basis. Absent an extension of the TRO, the Proposed Acquisition of JenaValve Technology, Inc. ("JenaValve") by Edwards Lifesciences Corporation ("Edwards") (the "Proposed Acquisition") will be permitted to close after 11:59pm Eastern Time on January 9, 2026.

Courts regularly extend TROs in merger cases to preserve the status quo and ensure an opportunity for appellate review. Immediate, temporary relief is necessary here because, absent such relief, Defendants will be permitted to close the Proposed Acquisition unless this Court enters a preliminary injunction by 11:59 Eastern Time on January 9, 2026. That consummation

would not only irreparably harm the FTC's ability to obtain effective relief for the public, but also would deprive the U.S. Court of Appeals for the D.C. Circuit of the ability to decide whether an injunction pending appeal is appropriate. Defendants will not be prejudiced by a short extension of the TRO. Assuming the Court issues a decision on the FTC's motion for a preliminary injunction in the coming days, a five-business day extension of the TRO after the court issues its preliminary injunction decision will expire prior to the outside date in the Defendants' merger agreement. While the Court has given no indication that it intends to deny the FTC's motion for a preliminary injunction, the FTC makes this request in advance of the Court issuing its decision to avoid the unnecessary possibility of expedited briefing on this issue.

## BACKGROUND

The TRO ordered by the Court on August 7, 2025 enjoins the Proposed Acquisition until after 11:59pm Eastern Time on (a) January 9, 2026 or (b) the fifth business day after the Court rules on the FTC's motion for a preliminary injunction, whichever occurs earlier in time. ECF No. 8. Because the stipulated TRO provides for "whichever occurs earlier in time" and five business days from today is January 14, 2026, the TRO will expire on January 9, 2026 at 11:59pm Eastern Time.

Consistent with the FTC's practice in similar merger challenges, the FTC sought an agreement with Defendants to extend the TRO to January 16, 2026. On January 2, 2025, the parties agreed to extend the TRO until 11:59pm on January 13, 2026, or the fifth calendar day after the date the Court resolves Plaintiff's motion for preliminary injunction, whichever occurs earlier in time. On January 6, 2026, Defendants withdrew their agreement to extend the TRO to January 13, 2026. Prior to filing this motion, the parties met and conferred regarding an extension of the TRO in accordance with Local Civil Rule 7(m). Defendants offered to extend

the TRO to 11:59 Eastern Time on January 14, 2026 or five calendar days after the Court's decision, whichever comes first. Because Defendants oppose extending the TRO for sufficient time to permit the FTC to pursue, if necessary, motions in this Court and the Court of Appeals following a decision by this Court, the FTC respectfully seeks relief from the Court.

## ARGUMENT

Federal Rule of Civil Procedure 65(b) permits a district court to extend the expiration date of a TRO for good cause. Fed. R. Civ. P. 65(b)(2). District courts have found good cause to exist in the context of similar requests by the FTC for short TRO extensions in merger challenges to provide the FTC time to review preliminary injunction decisions and file appellate motions if needed. In *FTC v. Meta Platforms Inc.*, the district court granted the FTC's request to extend the parties' stipulated temporary restraining order under Rule 65(b) for seven days following denial of the FTC's preliminary injunction motion because, as here, "consummation of the Acquisition will irreparably harm the FTC's ability to obtain effective relief for the public at the conclusion of any further proceedings" and "Defendants will suffer no or little harm from a brief extension of the TRO." Order on Plaintiffs' Emergency Motion for Extension of Temporary Restraining Order, Case No. 5:22-cv-04325-EJD, ECF No. 547 (N.D. Cal. Jan. 31, 2023).[1] Similarly, in *FTC v. Novant Health, Inc.*, the district court denied the FTC's motion for preliminary injunction and motion for an injunction pending appeal, but extended the stipulated temporary restraining order to allow sufficient time for the FTC to seek an injunction pending appeal from the Fourth Circuit Court of Appeals, which that court then granted. No. 5:24-cv-00028-KDB-SCR, 2024 U.S. Dist. LEXIS 103910, at *11 (W.D.N.C. June 11, 2024); *see also FTC v. Tempur Sealy Int'l, Inc.*,

---

[1] Declaration of Laura R. Hall, January 7, 2026 ("Hall Decl.") Ex. A. While Ex. A is labeled "Filed Under Seal," it was downloaded from the public docket.

Order Extending Temporary Restraining Order, No. 4:24-cv-02508, ECF No. 508 (S.D. Tex. Jan. 31, 2025)[2] (granting the FTC's motion to extend the TRO because it "does nothing more than request that the TRO remain in place for [a] brief duration, so that it may seek such appellate relief, if determined advisable").

Consummation of the Proposed Acquisition before the FTC can assess whether to appeal any adverse decision and seek appropriate interim injunctive relief will irreparably harm the public interest and the FTC's ability to effectively enforce the nation's antitrust laws. If the Proposed Acquisition is consummated, the harm to competition and the public would begin immediately. If a preliminary injunction is not granted and the TRO expires, Edwards would gain access to the confidential, competitively sensitive business information of its only competitor for TAVR-AR devices in the United States. More broadly, Defendants would be able to take immediate steps that will be costly, difficult, and disruptive to undo in the event the Commission finds the Proposed Acquisition unlawful and orders a divestiture. It would be "extraordinarily difficult to 'unscramble the egg'" if the Proposed Acquisition is deemed unlawful after Defendants have integrated their operations, shared competitively sensitive confidential information, and laid off staff. *FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 352-53 & n.11 (3d Cir. 2016); *see also FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028, 1033-34 (D.C. Cir. 2008).

As the D.C. Circuit has recognized, divesture is often an "inadequate" remedy. *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 726 (D.C. Cir. 2001); *see also FTC v. Food Town Stores, Inc.*, 539 F.2d 1339, 1345 (4th Cir. 1976) ("Congress intended that if divestiture is practicable and necessary to avoid a § 7 violation, it must be undertaken before the merger is consummated.").

---

[2] Hall Decl. Ex. B.

Here, too, post-consummation divestiture would be extremely challenging; once the companies share competitively sensitive information, comingle staff, and pause or cancel R&D projects and clinical trials, it would be difficult and disruptive to subsequently separate those entities, and much of JenaValve's standalone value may be lost.

If Defendants immediately consummate the Proposed Acquisition after 11:59 Eastern Time on January 9, 2026, the FTC would be unable to request and the U.S. Court of Appeals for the D.C. Circuit would be unable to rule on a motion for injunction pending appeal, if needed. *See FTC v. Weyerhaeuser Co*., 665 F.2d 1072, 1076 (D.C. Cir. 1981) (commenting on the district court's denial of restraining order, which allowed the parties to consummate merger prior to the Court of Appeals' resolution of a motion for injunction pending appeal: "It was not consistent with the fair, effective administration of justice for the district judge to deny to a party, situated as was the FTC in this case, even a brief holding order affording time to apply to this court for provisional relief.").

Defendants will suffer little to no harm by an extension of the TRO. Assuming the Court issues a decision on the FTC's motion for a preliminary injunction in the coming days, the TRO extension requested by this motion will expire prior to the outside date in the Defendants' merger agreement. Moreover, there is no evidence that the Defendants are required or have committed to abandon the Proposed Acquisition should the Court extend the TRO beyond 11:59pm Eastern Time on January 9, 2026. Accordingly, any alleged harm to Defendants from a brief extension of the TRO is far outweighed by the substantial public interest in maintaining competition and preserving the status quo.

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests that this Court extend the TRO to expire five business days following the Court's resolution of the FTC's preliminary injunction motion.

<div style="display: flex;">
<div>

Dated: January 7, 2026

Daniel S. Guarnera
*Director*
*Bureau of Competition*

David Shaw
*Principal Deputy Director*
*Bureau of Competition*

Taylor C. Hoogendoorn
*Deputy Director*
*Bureau of Competition*

</div>
<div>

Respectfully submitted,

*/s/ Laura R. Hall*
Laura R. Hall (N.Y. 4337408)
Barrett J. Anderson (D.C. 1024159)
Jordan S. Andrew (M.D. 0912150027)
James R. Weiss (N.Y. 4465209)
Lisa DeMarchi Sleigh (D.C. 485853)
Kendall Alford (D.C. 90028932)
Nathan Brenner (Ill. 6317564)
Habin Chung (D.C. 1048514)
Jacob Danziger (M.D. 1412160201)
Evan R. Johnson (D.C. 1722341)
Wade Lippard (D.C. 1616824)
Megan McKinley (N.Y. 5940432)
Betty Jean McNeil (D.C. 888230599)
Matthew E. Joseph (D.C. 1030157)
Dylan P. Naegele (D.C. 1670918)
Elena Ponte (N.Y. 5700877)
Catherine M. Sanchez (VA 75376)
William M. Segal (D.C. 1048390)
Michelle J. Seo (N.Y. 5007091)
Hilla Shimshoni (D.C. 1033015)
Varnitha Sivaprasad (N.Y. 5337670)
Jay Tymkovich (D.C. 241366)
Lily Verbeck (D.C. 90006809)
Nicholas A. Widnell (D.C. 439474)


Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
Telephone: (202) 326-3282
Email: lhall1@ftc.gov

*Counsel for Plaintiff*
*Federal Trade Commission*

</div>
</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel on January 7, 2026, by email and/or CM-ECF:

Joshua Lipton
Michael J. Perry
Jamie E. France
Stephanie Pearl
Logan Billman
Connor Leydecker
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036
Telephone: (202) 955-8226
Email: jlipton@gibsondunn.com
Email: mjperry@gibsondunn.com
Email: jfrance@gibsondunn.com
Email: spearl@gibsondunn.com
Email: lbillman@gibsondunn.com
Email: cleydecker@gibsondunn.com

Ryan A. Shores
D. Bruce Hoffman
Jeremy J. Calsyn
Jacob M. Coate
Kelton Anderson
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Email: rshores@cgsh.com
Email: bhoffman@cgsh.com
Email: jcalsyn@cgsh.com
Email: jcoate@cgsh.com
Email: keanderson@cgsh.com

*Counsel for Edwards Lifesciences Corp.*

Jonathan Klarfeld
Michael S. McFalls
Samer M. Musallam
Elizabeth McInerney
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006

Telephone: (202) 508-4600
Email: Jonathan.Klarfeld@ropesgray.com
Email: Michael.McFalls@ropesgray.com
Email: Samer.Musallam@ropesgray.com
Email: Elizabeth.McInerney@ropesgray.com

Matthew L. McGinnis
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Email: Matthew.McGinnis@ropesgray.com

*Counsel for JenaValve Technology, Inc.*

/s/ Laura R. Hall
Laura R. Hall (N.Y. 4337408)
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
Telephone: (202) 326-3282
Email: lhall1@ftc.gov

*Counsel for Plaintiff*
*Federal Trade Commission*